UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MITSUI SUMITOMO INSURANCE
COMPANY, LTD.,                                          Case No. 1:15-cv-316

    Plaintiff,                                         Bowman, M.J.

    v.

DAILY EXPRESS, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint against the Defendant in the Ohio Court of Common Pleas of Butler County, Ohio. On May 11, 2015, Defendant removed the case to this court on the basis of federal question jurisdiction, and on June 25, 2015, Plaintiff filed an amended complaint. On July 7, 2015, Defendant moved to dismiss Plaintiff's amended complaint for failure to state a claim. Plaintiff has filed a response in opposition to Defendant's motion, to which Defendant has filed a reply. The parties have consented to final disposition of this case, including but not limited to disposition of the pending motion, by the undersigned magistrate judge. *See* 28 U.S.C. §636(c); Doc. 14.

**I. Background**

The following background is derived from Plaintiff's complaint. All allegations are assumed to be true solely for purposes of the pending motion. Plaintiff generally alleges that it was the "insurer, assignee, and subrogee" of a company that was a "re-sleever" of an object called a "VC roll" which property was allegedly damaged by Defendant during transport of the item from Indiana to Ohio.

More particularly, Plaintiff alleges prior to April 28 2013, the VC roll was owned by AK Steel, in Middletown, Ohio, and was shipped to Sumitomo Corporation of America in Japan for re-sleeving. (Doc. 20 at ¶1). Following that re-sleeving, on March 28, 2013, the VC roll was packaged and placed on board a vessel that traveled from Kobe, Japan to Savannah, Georgia. (Id. at ¶4). On April 22, 2013, Plaintiff's insured contracted with Defendant Daily Express, Inc. in Carlisle, Pennsylvania to pick up the VC roll from the Port of Savannah and transport it to the Herr-Voss Stamco RCI facility in Chesterton, Indiana. On April 28, 2013, the VC roll arrived at the Port of Savannah and on April 30, 2013, the Georgia Port Authority "assembled the Defendant's trailer with the aforementioned VC roll." (Id. at ¶¶6-7).

Plaintiff alleges that Defendant acknowledged receipt of the VC roll "in apparent good order." (Id. at ¶8). Defendant next delivered the VC roll to the RCI facility in Chesterton, Indiana, where the roll was removed from the crate in which it was packed and "landed on a flatbed trailer by Herr-Voss personnel for transport to AK steel in Middletown, Ohio by Defendant." On May 7, 2013, Defendant delivered the VC roll to AK Steel in Middletown, Ohio. On the same date, AK Steel personnel observed damages to the VC roll and notified Defendant's employee. On May 17, 2013, EIMC, "a specialized professional consulting firm," together with representatives from AK steel, Sumitomo Corporation, Herr-Voss, Daily Express, and MRT all surveyed the damage to the VC roll. On July 10, 2013, Superior Forge & Steel provided a quotation for repairs in the amount of $62,000.00. (Id. at ¶¶9-16). Plaintiff alleges that Defendant was negligent in securing the VC roll during transportation. (Id. at ¶19). Plaintiff asserts a claim of "strict liability" under the Carmack Amendment, as well as a second claim for

2

breach of contract, and demands judgment "in the amount of $62,950.40" plus costs. (Id. at ¶¶24-25, 27-28).

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 406 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

### B. Defendant's Motion To Dismiss

#### 1. Preemption of Breach of Contract and Negligence Claims

Defendant seeks dismissal of Plaintiff's breach of contract and negligence claims, brought under state law, on grounds that the Carmack Amendment preempts

such claims. *See* 49 U.S.C. §14706.  In response, Plaintiff "agrees that federal law preempts causes of action for damage to property transported in interstate commerce," and acknowledges that "the Carmack Amendment provides an exclusive remedy for a breach in this instance."  (Doc. 28 at 7, 9).  However, Plaintiff maintains that it has asserted separate claims for negligence and for breach of contract "as the basis of its cause of action against Defendant for violation of the Carmack Amendment" rather than as independent claims.  *Id*.  Plaintiff contends that "to get to this [Carmack Amendment] cause of action…, Plaintiff must assert a specific breach of duty…, such as: negligence, or breach of contract of carriage."  *Id*.  Plaintiff further argues that its "allegations of negligence and breach of contract both fall under the authority of the Carmack Amendment…."  (*Id.* at 10).

The undersigned recommends that Defendant's motion to dismiss be granted with respect to any independently asserted state law claims.  As other courts in this district have concluded when presented with similar facts, "[i]n the Sixth Circuit, the issue of the scope of the preclusive effect of the Carmack Amendment has been conclusively resolved in a manner that is fatal to Plaintiff's state law claims."  *Hemsath v. J. Herschel Kendrick Moving & Storage*, 2006 WL 1000189 at *1 (S.D. Ohio, April 14, 2006); *Exel, Inc. v. Southern Refrigerated Transport, Inc.*, 2012 WL 3064106 (S.D. Ohio, July 27, 2012).  *See also generally American Synthetic Rubber Corp. v. Louisville & Nashville Ry. Co.*, 422 F.2d 462, 466 (6th Cir. 1970)("[W]hen damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs.").

Contrary to the assertions in Plaintiff's response in opposition to Defendant's motion, the first amended complaint contains a number of allegations that are reasonably construed as stating independent claims for negligence and breach of contract. (Doc. 20 at ¶19, 27-28). To the extent that Plaintiff's separate Counts I and II plead any cause of action for negligence or breach of contract *outside* the scope of the Carmack Amendment, such claims are preempted by federal law.

**2. Carmack Amendment**

Defendant removed to this Court on the basis of federal question jurisdiction, specifically citing the Carmack Amendment. In its motion to dismiss, Defendant now argues that Plaintiff's complaint fails to set forth sufficient allegations to make a claim under the Carmack Amendment, and therefore should be dismissed in its entirety. Plaintiff protests that "Defendant can't have it both ways," (Doc. 28 at 6)

Contrary to Plaintiff's assertion, this Court's conclusion that the Carmack Amendment preempts any common law claims does not logically preclude a finding that Plaintiff has failed to state a claim under the statute. Nevertheless, the Defendant's motion will be denied, because it is without legal merit.

**a. Strict Liability**

Defendant begins its criticism of Plaintiff's Carmack Amendment claim by arguing that "Plaintiff apparently believes that a Carmack Amendment action renders a carrier…strictly liable…." Defendant proceeds to discuss the common law rule in England that was developed in reaction to "roving bands of highway thieves," before arguing distinctions from that history under the Carmack Amendment. (Doc. 23 at 10). In response, Plaintiff readily acknowledges modern day exceptions to liability under the

5

Carmack Amendment, while noting case law that continues to state that "Carmack 'imposes something close to strict liability upon originating and delivering carriers.'" *Sompo Japan Ins. Co. of Am. v. Union Pac. R. Co.*, 456 F.3d 54, 59 (2d Cir. 2006)(internal citation omitted, abrogated on other grounds by *Kawaski Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S.Ct. 2433 (2010)); *see also Amerisure Mut. Ins. Co. v. Carey Transp., Inc.*, 578 F. Supp.2d 888, 917 (W.D. Mich. 2008). The undersigned finds no basis for dismissal on grounds that Plaintiff has inappropriately pleaded its Carmack Amendment claim as one of "strict liability," because the allegations in the complaint need not (and should not) be so rigidly construed. (*See, e.g.*, Doc. 20 at ¶24, "The Carmack Amendment applies strict liability to motor carriers for freight claims, without proof of negligence, unless: it was not negligent, and one of the five exceptions is met.").

### b. Elements of Claim/ Delivery In Good Condition

Defendant next contends that Plaintiff has failed to plead an essential element of the claim. To establish a claim under the Carmack Amendment, the parties agree that Plaintiff must show three things: (1) delivery in good condition; (2) arrival in damaged condition; and (3) the amount of damages. *See Great West Casualty Co. v. Flandrich*, 605 F. Supp.2d 955, 966 (S.D. Ohio 2009)(citing *Missouri Pacific R.R. v. Elmore & Stahl*, 388 U.S. 134, 138 (1964)). Once a shipper establishes its *prima facie* case, the burden of proof shifts to the carrier "to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Missouri Pacific R.R.*, 377 U.S. at 138. Defendant concedes that Plaintiff has adequately pleaded arrival in a damaged condition and the amount of

damages, but asserts that Plaintiff has failed to allege the first element – that the VC roll was delivered to Defendant in good condition.

Plaintiff specifically alleges: "On April 30, 2013, Defendant signed the bill of lading, acknowledging receipt of the …VC roll in apparent good order." (Doc. 20 at ¶8). However, Defendant argues that Plaintiff's allegation is insufficient to establish that the VC roll was delivered to Defendant in good condition, because it remains Plaintiff's "obligation to make the allegation of…delivery to the carrier in good order, as opposed to simply alleging that the property was received by the carrier." (Doc. 23 at 11). Defendant's interpretation strains the "Notice Pleading" standards of Rule 8, Fed. R. Civ. P., and is wholly inconsistent with Rule 12(b)(6) standards, which require this Court to construe allegations in favor of the Plaintiff.

Defendant additionally argues that the memorandum of transportation attached as Exhibit 5 to the complaint relates to the shipment of the VC roll from Savannah, Georgia to Chesterton, Indiana – and not the shipment of the property from Indiana to Ohio, during which the damage is alleged to have occurred. However, Plaintiff points out that it did allege that there were no observable damages on the VC roll until such time as it arrived in Middletown, Ohio. (*See* Doc. 20 at ¶12, "Prior to May 7, 2013, no damages to the VC roll were observed by any parties mentioned herein."). Plaintiff further asserts that the bill of lading (which corresponds to the relevant portion of the transportation from Indiana to Ohio) also demonstrates that Defendant's employee received the property in good condition.

Defendant criticizes the referenced bill of lading as "troublesome," because it does not reflect the date that the property was actually delivered to Defendant. It also

was not issued to Plaintiff itself, but instead to Herr-Voss Stamco ("Stamco"), an entity that is not a party to this lawsuit. However, Plaintiff represents that Stamco was Plaintiff's insured's independent contractor. Plaintiff argues that under controlling Sixth Circuit case law, the fact that Defendant issued the bill of lading to the contractor does not excuse its liability under the Carmack Amendment, in part because Stamco executed the bill of lading on behalf of Plaintiff's insured.

Defendant further criticizes Plaintiff's Exhibit 6 as failing to specifically identify the property other than as "Roll 101" and the weight of the item, "neither of which can be independently reconciled with the complaint allegations." (Doc. 23 at 12). Although the bill of lading form includes the words: "RECEIVED… in apparent good order," Defendant attempts to cast doubt on the evidentiary value of the document because there is "only someone's apparent handwritten indication of a carrier to be used," and "no independent corroboration that [Defendant] was the carrier actually used," and "no independent corroboration on that document of a signature to signify receipt…: (*Id.*). Defendant concludes that it is "not plausibly apparent from the face of Plaintiff's complaint that the VC roll was delivered to Defendant in good condition in Chesterton, IN, where the complained of transportation originated." (Doc. 23 at 12).

In response, Plaintiff argues that Defendant was legally bound to issue a bill of lading prior to taking possession of the VC roll. Indeed, even Defendant concedes, as it must, that "there is some authority" for Plaintiff's position that the bill of lading may establish a shipper's case for damage" under the Carmack Amendment. *See Hoover Motor Express Co., Inc. v. United States*, 262 F.2d 832, 833 (6th Cir. 1959).

The undersigned will deny Defendant's motion to dismiss the complaint on grounds that Plaintiff has inadequately pled delivery of the goods to Defendant in good condition. When presented with a similar issue, a sister court within the Sixth Circuit held: "Although a Bill of Lading may not be sufficient to prove conclusively that the goods were delivered in good condition, the Plaintiff need only allege that the goods were delivered in good condition to withstand a Rule 12(b)(6) Motion." *Vitramax Grp., Inc. v. Roadway Exp., Inc.* 2005 WL 1036180, at 2 (W.D. Ky., May 3, 2005) (additional citation omitted, rejecting contention that complaint should be dismissed because plaintiff had not specifically alleged that the goods were in good condition when delivered to the defendant, relying on liberal pleading standards of Rule 8(a), Fed. R.Civ.P. and noting attachment of bill of lading).

Despite this authority close on point, Defendant continues to argue that Plaintiff has alleged only the "good condition" of the VC roll when it was delivered to the Defendant by the Savannah Port Authority, and not when it was later delivered to Defendant in Chesterton, Indiana, citing *Travelers Indemn. Co. of Connecticut v. Central Transport, Inc.*, 2008 WL 4793403 at **5-6 (E.D. Mich. 2008). The cited case is easily distinguishable on both facts and the law. Aside from the unique factual distinctions, *Travelers* was concerned with determining whether summary judgment was appropriate under Rule 56, not deciding the altogether different issue of whether a claim survives a Rule 12(b)(6) motion. And even then, the court denied the parties' cross-motions for summary judgment, concluding that the case must proceed to trial on the issue.

Alternatively, Defendant argues that even if its employee acknowledged on the bill of lading that the property was received "in apparent good order," dismissal is

9

warranted because Plaintiff failed to include a more specific allegation that "the property was not protected from weather and road debris with a tarpaulin, but instead was open to inspection and visible." Relying on *Hoover, supra*, Defendant argues that a statement on a bill of lading that property was received "in apparent good order" is relevant only to show the condition to the extent that the subject property is open to inspection and visible. Here, the complaint does not specifically alleged that the VC roll was uncovered, and open and visible for inspection, at the time the Defendant's employee allegedly signed the bill of lading.

In response, Plaintiff points out the complaint does allege that the VC roll was on the flatbed trailer, which Plaintiff now argues was "open to inspection and visible to Defendant's employee and/or agent." (Doc. 28 at 13). Plaintiff argues that the "Defendant subsequently chained the …VC roll to the trailer in close proximity to where the damages were subsequently found. Had the damages already been present, they would have been open to inspection and visible to Defendant's employee and/or agent." (*Id.*).

No authority, including *Hoover,* which involved judgment after undisputed testimony and "evidence showing that there were defects in construction of the machines and preparation for shipment, see 262 F.2d at 835, supports Defendant's position that it is entitled to dismissal under Rule 12(b)(6) based upon Plaintiff's failure to plead such details in its complaint. Because facts are to be construed in favor of the Plaintiff, the undersigned finds the allegations in the complaint to be sufficient to state a claim under the Carmack Amendment.

### c. Timeliness of Notice of Claim

For similar reasons, the Court rejects Defendant's additional argument under Rule 12(b)(6) that any Carmack Amendment claim would be time-barred. The parties agree that under the statute, Plaintiff was required to first file a claim with Defendant. In its complaint, Plaintiff alleges that "Defendant sent Plaintiff a letter of receipt of Notice of Claim letter sent by Plaintiff dated May 24, 2013." (Doc. 20 at ¶15).

Defendant contends that the allegation is insufficient to show compliance with all relevant regulations. According to Defendant, "[d]ocuments that do not strictly observe… requirements have been rejected by courts as insufficient to constitute a claim." (Doc. 23 at 15, *citing Salzstein v. Bekins Van Lines, Inc.*, 993 F.2d 1187, 1190 (5th Cir. 1993)). Even if Plaintiff were able to show that it timely filed a written claim form, Defendant asserts that Plaintiff's complaint should be dismissed because Plaintiff fails to allege that its claim was actually denied by Defendant prior to filing to suit. (Doc. 23 at 15-16).

Plaintiff responds that it did timely file a claim when its insured *immediately* notified Defendant and Plaintiff of the damaged condition of the property upon its arrival, as evidenced by the Notice of Claim letter sent to Defendant on May 24, 2013. (Doc. 20 at ¶15). In that Notice of Claim letter, Plaintiff asserted that Defendant was liable for the damage and loss to the VC roll for its full value of $770,661.00. Defendant acknowledged receipt of the Notice of Claim letter on May 31, 2013. (*Id.*). Subsequently, a joint survey was held at which time damages to the property were assessed at the lower figure of $62,950.40. Plaintiff filed its modified claim with Defendant on April 24, 2014, asserting liability in the lower amount  Plaintiff argues that

11

its revised claim was also timely filed. Plaintiff further represents that "[s]ubsequently, Defendant denied plaintiff's claim." (Doc. 28 at 15).

In its reply memorandum, Defendant simply reiterates its position that Plaintiff should have included far more specific allegations in its complaint, and now must face dismissal for its failure to do so. Defendant also asserts that even if a claim was timely sent, "Plaintiff is not relieved of the burden of establishing that the purported claim comports with the substantive information that a valid claim must contain" as provided under the regulatory scheme of the Carmack Amendment.

Defendant's argument is unpersuasive. As previously stated, Rule 8 requires only "notice pleading," meaning "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a). Plaintiff is not required under Rule 8 to set forth every possible factual detail to satisfy every possible regulatory component of a Carmack Amendment claim that Defendant may (or may not) choose to later challenge in any future dispositive motion, after appropriate discovery. It is noteworthy that each case cited by Defendant to support the rejection of a claim based upon a failure to "strictly observe" a regulatory requirement was reviewed on summary judgment, not in the context of a motion to dismiss. Moreover, none of the cited cases were decided either by the Sixth Circuit or by any court within the Sixth Circuit. Of course, Defendant remains free to renew its argument, should evidence produced during discovery provide support for a properly supported summary judgment motion on similar grounds.

### III.  Conclusion and Order

For the stated reasons, **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 23) is **GRANTED IN PART,** as to any negligence or breach of contract claims alleged under common law, because such claims are clearly preempted by the Carmack Amendment.  Defendant's motion is otherwise **DENIED**, the Court concluding that Plaintiff has adequately pleaded a single claim against the Defendant under the Carmack Amendment.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
